IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ANTHONY OLIVER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 20-644 (MN) |
| ) | |
| NEXSTAR BROADCASTING, INC., et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM

At Wilmington this 23rd day of June 2020:

1.  **Background**.  Plaintiff Anthony Oliver ("Plaintiff"), an inmate at the Georgia Department of Corrections ("GDOC") in Ludowici, Georgia, appears *pro se* and has been granted leave to proceed *in forma pauperis*.[1]  (D.I. 5).

2.  **The Complaint**.  Plaintiff asserts jurisdiction by reason of diversity of the parties. Plaintiff, however, cites to 28 U.S.C. § 1331, the statute that provides jurisdiction by reason of a federal question.  (*See* D.I. 3 at 1).  The diversity statute is 28 U.S.C. § 1332.  Plaintiff is an inmate in Georgia.  He alleges that Defendant Nexstar Broadcasting, Inc. ("Nexstar"), is a Delaware corporation that owns and operates news stations in over 38 states.  (D.I. 3 at 2).

---

[1]  Plaintiff has been deemed a "vexatious litigant" in several cases. *See Oliver v. JND Holdings LLC*, No. 6:19-CV-2486-TMC, 2019 WL 5617946, at *1 (D.S.C. Oct. 31, 2019) (citing *Oliver v. County. of Effingham*, No. 4:18-cv-120, 2019 WL 356803, at *3 (S.D. Ga. Jan. 29, 2019) (imposing conditions on further litigation and noting that Plaintiff's "litigation record only reinforces the conclusion that Oliver is, to say the least, irresponsible"), Report and Recommendation adopted by 2019 WL 1244715 (S.D. Ga. Mar. 18, 2019); *Oliver v. City of Pooler*, No. 4:18-cv-100, 2019 WL 1005198, at *1 (S.D. Ga. Feb. 28, 2019) ("In this Court's view, Plaintiff is plainly a vexatious litigant"); *Oliver v. Lyft, Inc*., No. C 19-01488 WHA, 2019 WL 2342263, at *1 (N.D. Cal. June 3, 2019) ("The Southern District of Georgia has imposed pre-filing conditions on plaintiff, including a post-contempt bond. The Central District of California has also declared plaintiff a vexatious litigant.").

Plaintiff alleges that Defendant Morris Publishing Group, L.L.C. ("Morris") is a Delaware limited liability company existing under the laws of the States of Florida, Georgia, and Delaware. (*Id*.). The Complaint also names as a Defendant Does 1-10, inclusive, making no reference to their domiciles, but alleging that each Doe Defendant was an agent, conspirator, partner, or employee of any defendant. (*Id*.). The Complaint asserts that venue is proper in this district because "Defendant's principal place of business is in this district" and "because a substantial part of the events giving rise to the claims [] occurred in this [] district." (*Id*.).

3. Count One alleges defamation of character and Count Two alleges intentional infliction of emotional distress. Plaintiff seeks compensatory and punitive damages. During the relevant time-frame Plaintiff was a resident of Savannah, Georgia, and filed a notice to run on the Democratic ticket in an upcoming election for mayor of Savannah. (*Id*. at 3). Plaintiff alleges that Defendants posted "news airings and articles" on WSAV News, the local news station that is owned by Nexstar, and in the Savannah Now newspaper, a newspaper owned and operated by Morris. (*Id*.). Plaintiff alleges that during a January 20, 2019 candidate forum it was revealed that Plaintiff was a former gang officer from Los Angeles and that he was working with local informants to identify Georgia gang leaders to "take back the streets of Savannah." (*Id*.). He also alleges that Defendants interviewed him and thereafter wrongfully published that Plaintiff had a child molestation conviction and refused to retract the information. (*Id*. at 3-4). During the relevant time-frame, Plaintiff was charged with aggravated stalking of his former girlfriend, arrested, and held pending trial. (*Id.* at 4-5). Plaintiff alleges that following his arrest, Defendants published an inaccurate story that he had a past conviction for the assault or murder of a peace officer. (*Id*.).

4. The Complaint alleges that Nexstar and Morris aired and/or published incorrect or false information about Plaintiff throughout the State of Georgia that included information about

criminal convictions and Plaintiff's alleged possession of a composition book containing court personnel addresses. (*Id.* at 3-6). The Complaint alleges that the information either aired on WSAV News or was published in the Savannah Now newspaper in January, April, and August 2019. (*Id.*). Plaintiff alleges that the false articles were the proximate cause of injuries he suffered in a brutal August 2019 prison attack by gang members, followed by prison staff refusal to provide medical treatment. (*Id.* at 6).

5. Plaintiff believes he was found guilty of aggravated stalking because several members of the jury viewed the false articles and news videos. (*Id*. at 7). Plaintiff alleges that Defendants "continued their escapades publishing the same videos" while Plaintiff awaited formal sentencing. (*Id*.). Once he was sentenced and transferred to the Georgia Department of Corrections, Plaintiff was provided with records showing no convictions as reported by Defendants. (*Id*.). Plaintiff asked Defendants to remove the false videos and articles and they refused. (*Id*.). Plaintiff alleges that because of the false news reports he was attacked by inmates on November 19, 2019, he was branded a "cop killer," prison staff "lost" his personal belongings, he was transferred from one Georgia correctional facility to another, and generally mistreated. (*Id*. 7-9).

6. **Discussion**. Although Plaintiff cites to the statute for jurisdiction based upon a federal question, the allegations indicate that he believes jurisdiction is proper based on diversity of citizenship of the parties. The court may transfer a case "[f]or the convenience of parties and witnesses, in the interest of justice, . . . to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The Court may raise venue and issue a Section 1404(a) transfer order *sua sponte*. *See e.g.*, *Amica Mut. Ins. Co. v. Fogel*, 656 F.3d 167 (3d Cir. 2011).

7. Plaintiff's statement that a substantial part of the events giving rise to the claims occurred in this district is not supported by his allegations. In reading the allegations it is evident

that none of the events or omissions giving rise to Plaintiff's claims occurred in Delaware. Rather, all the reporting occurred in Georgia, the news outlets are located in Georgia (and specifically Savannah, Georgia), and the information was disseminated in Georgia. In addition, Plaintiff alleges that he suffered injuries in numerous Georgia Department of Corrections facilities all related to the allegedly defamatory publications by Defendants. Finally, given that all the alleged wrong doing occurred in Georgia and Plaintiff raises only state claims, the Court takes into consideration the familiarity of the trial judge with the applicable state law in this diversity case. The Court considers the allegations in the Complaint and finds the interests of justice favor transferring the action to the United States District Court for the Southern District of Georgia, Savannah Division, where based upon the allegations it appears that most, if not all of the events took place.

8. **Conclusion**. For the above reasons, the Court will direct the Clerk of Court to transfer action to the United States District Court for the Southern District of Georgia, Savannah Division. A separate order shall issue.

_____
The Honorable Maryellen Noreika
United States District Judge